IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROOSEVELT WILLIAMS, JR., | : |
| | : |
|     Plaintiff, | : |
| | : |
| vs. | : |
| | :   CIVIL ACTION 14-0250-CG-M |
| MONROE COUNTY DISTRICT | : |
| ATTORNEY, COUNTY OF MONROE, | : |
| MONROE COUNTY COURTHOUSE, | : |
| MONROE COUNTY SHERIFF'S | : |
| DEPARTMENT, LISA LYNAM McDONALD,: | |
| JAMES McKINLEY, and JIMMY | : |
| McKINLEY, | : |
| | : |
|     Defendants. | : |

REPORT AND RECOMMENDATION

The Motion to Dismiss filed by Defendants Monroe County, Monroe County Courthouse, and Monroe County Sheriff's Department (Docs. 19-20) and the Motion to Dismiss by Defendant Monroe County District Attorney (Doc. 29) have been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72((a)(1) & (a)(2)(S)).  Plaintiff invokes federal jurisdiction under 28 U.S.C. § 1331, pursuant to 42 U.S.C. § 1983 (Doc. 10).  After consideration, it is recommended that the Motion to Dismiss filed by Defendants Monroe County, Monroe County Courthouse, and Monroe County Sheriff's Department (Docs. 19-20) be granted, in part, and denied, in part, and that the

1

Motion to Dismiss filed by Defendant Monroe County District Attorney (Doc. 29) be granted.

The facts, briefly, are as follows.  On June 7, 2012, Williams was at the Monroe County Courthouse to resolve a dispute with Defendant Lisa McDonald over a Chrysler PT Cruiser (Doc. 10, ¶ 8).[1]  After the Judge ruled in Williams's favor, he waited in the courtroom for a while, on his attorney's advice, to avoid McDonald; when he left to exit the back stairwell, he encountered McDonald and Defendants Jimmy and James McKinley (*id.*).  McDonald said "You lying Nigger" and Williams stepped toward her; Jimmy McKinley stepped between them and James McKinley pushed Williams in the face and slapped him (*id.*).  James McKinley then stabbed Plaintiff with a knife; as Plaintiff assumed a self-defense posture, the District Attorney came out and broke up the fracas (*id.*).  Williams was taken to the hospital to treat the wound and was later arrested by the Monroe County Sheriff's Department as the District Attorney had filed third-degree assault charges against Plaintiff for attacking him (*id.*).  Plaintiff was held for approximately twenty-four hours

---

[1] The Court notes these facts and claims come from Williams's Amended Complaint (Doc. 10).  The Court further notes that, in his Responses to the two Motions to Dismiss, Plaintiff asserts that he is amending his Complaint (*see* Doc. 31, pp. 13, 16, 21-22 and Doc. 36, pp. 14, 17, 23-24, 31-32).  The Court **STRIKES** the language—and attempted amendments—in those Responses as Williams fails to meet the requirements of Fed.R.Civ.P. 15(a).

before being released (*id.*).

On June 4, 2014, Plaintiff, acting *pro se*, brought this action against the following Defendants:  the County of Monroe, Monroe County Courthouse, Monroe County Sheriff's Department, and the Monroe County District Attorney as well as individual Defendants Lisa McDonald, James McKinley, and Jimmy McKinley (Doc. 10, ¶ 4).  Williams asserts the following claims:  (1) Violation of the First Amendment in depriving him of speech, association, and assembly;[2] (2) violation of the Fifth Amendment's due process clause against the County, the Sheriff's Department, and the District Attorney; (3) violation of the Fourteenth Amendment's due process and equal protection clauses against the District Attorney and the Sheriff's Department; (4) violation of Titles II, III, VI, IX, and X of the Civil Rights Act of 1964 against the District Attorney; (5) violation of the Violent Crime Control and Law Enforcement Act and Federal Hate Crime Legislation against McDonald and Jimmy and James McKinley;

---

[2]The Court notes this claim is brought, apparently, only against the Monroe County Commission, an entity unnamed as a Party to this action (Doc. 10, ¶ 17).  Williams also invokes the Commission's liability in claims two, three, four, five, six, and eight (Doc. 10, ¶¶ 18, 19, 20, 21, 22, 24).  As Plaintiff failed to name the Monroe County Commission as a Defendant as required in Fed.R.Civ.P. 10(a), the Commission is **STRUCK** as a Defendant.
   The Court notes that it lists the named Defendants for each claim for the convenience of the Reader, but cautions that the Complaint's language is, often, imprecise and confusing.

3

(6) violation of the Civil Rights Act of 1968 for deprivation of rights under color of law against McDonald, Jimmy and James McKinley, the District Attorney, and the Sheriff's Department; (7) violation of 42 U.S.C. §§ 1983, 1985, and 1986 against McDonald, Jimmy and James McKinley, the District Attorney, and the Sheriff's Department; (8) violation of Alabama Code § 11-93-1 against the District Attorney, Sheriff's Department, the County, and the Courthouse; (9) violation of Alabama Code § 13A-5-13 against McDonald and James and Jimmy McKinley; (10) violation of his civil liberties against the Courthouse; (11) assault against McDonald and James and Jimmy McKinley; (12) battery against James and Jimmy McKinley; (13) false imprisonment against the Sheriff's Department and the District Attorney; (14) intentional infliction of emotional distress against McDonald, James and Jimmy McKinley, and the District Attorney; (15) failure to provide a general duty of care against all Defendants; (16) conspiracy against McDonald, James and Jimmy McKinley, the District Attorney, and the Sheriff's Department; (17) defamation by slander and libel against the Sheriff's Department; (18) malicious prosecution against the District Attorney; and (19) negligence against McDonald, James and Jimmy McKinley, the District Attorney, and the Courthouse. Williams seeks injunctive relief as well as damages.

    On July 8, 2015, Defendants Monroe County, Monroe County

Courthouse, and Monroe County Sheriff's Department filed a Motion to Dismiss (Docs. 120). Plaintiff filed a Response (Doc. 31) to which a Reply has been filed (Doc. 35). On July 17, Defendant Monroe County District Attorney filed a Motion to Dismiss (Doc. 29). Williams filed a Response (Doc. 36) to which a Reply was filed (Doc. 42).

The Court notes, initially, that "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). In order to state a claim for relief, the Federal Rules of Civil Procedure state that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The U.S. Supreme Court explained that the purpose of the rule was to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).[3] While factual allegations do not have to be

---

[3]*Conley* also stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46. The U.S. (Continued)

detailed, they must contain more than "labels and conclusions;" "a formulaic recitation of the elements of a cause will not do." *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* (citations omitted).  "Facts that are 'merely consistent with' the plaintiff's legal theory will not suffice when, 'without some further factual enhancement [they] stop short of the line between possibility and plausibility of "entitle[ment] to relief."'"  *Weissman v. National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (11th Cir. 2007) (quoting *Twombley*, 550 U.S. 557) (quoting *DM Research, Inc. v. College of American Pathologists*, 170 F.3d 53, 56 (1st Cir. 1999)).  "Only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombley*, 550 U.S. at 556).  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of conduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to

---

Supreme Court has done away with this standard in *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 557-563 (2007).  The Court, nevertheless, finds *Conley*'s statement regarding the purpose of Rule 8(a)(2) to be useful here in deciphering the analysis necessary for evaluating Plaintiff's claims.

relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).  As noted by the Supreme Court, Plaintiffs must "nudge[] their claims across the line from conceivable to plausible[; otherwise,] their complaint must be dismissed." *Twombly*, 550 U.S. at 570.  It is noted, however, that a complaint may be dismissed, under Federal Rule of Civil Procedure 12(b)(6), "on the basis of a dispositive issue of law."  *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir.) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)), *cert. denied*, 502 U.S. 810 (1991).

In their brief supporting the Motion to Dismiss, Defendants Monroe County, Monroe County Courthouse, and Monroe County Sheriff's Department argue that the Sheriff's Department and the County Courthouse are not recognized legal entities subject to lawsuit (Doc. 20, pp. 5-6).[4]

The Court first notes the following language regarding section 1983 actions:

> "Section 1983 alone creates no substantive rights; rather it provides a remedy for deprivations of rights established elsewhere in the Constitution or federal laws."

---

[4] The Court notes that although Plaintiff asserts nineteen different claims, variously, against the Defendants, this Motion to Dismiss only addresses the dismissal of claims brought under § 1983 (*see* Docs. 19-20).  Therefore, that is all the Court will consider.

> *Cornelius v. Town of Highland Lake, Ala.*, 880 F.2d 348, 352 (11th Cir.1989). Section 1983 "merely provides a mechanism for enforcing individual rights 'secured' elsewhere, i.e., rights independently 'secured by the Constitution and laws' of the United States. '[O]ne cannot go into court and claim a "violation of § 1983"—for § 1983 by itself does not protect anyone against anything.'" *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285, (2002) (quoting *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979)).

*West v. Cochran*, 2015 WL 1013108, at *2 (S.D. Ala. Mar. 9, 2015).

The Eleventh Circuit Court of Appeals has held that "[u]nder Alabama law, a county sheriff's department lacks the capacity to be sued" under section 1983. *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992) (*citing White v. Birch*, 582 So.2d 1085, 1087 (Ala. 1991)). Furthermore, the Alabama Supreme Court has held that "[a]n action against a sheriff is 'essentially a suit against the State.' *Montiel v. Holcombe*, 240 Ala. 352, 354, 199 So. 245, 245 (1940). '[T]he State of Alabama shall never be made a defendant in any court of law or equity.' *Ala. Const. 1901*, Art. 1, § 14." *King v. Colbert County*, 620 So.2d 623, 626 (Ala. 1993).

The Court finds that Williams has failed to state a claim against the Monroe County Sheriff's Department upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Therefore, it is

recommended that the Motion to Dismiss (Docs. 19-20) be granted as to the Monroe County Sheriff's Department, that all claims against it be dismissed, and that the Mobile County Sheriff's Department be dismissed from this action.

Likewise, the Court notes that "a county courthouse is not a legal entity subject to suit or liability under section 1983." *Beamon v. Alabama*, 2009 WL 588951, *2 (M.D. Ala. March 6, 2009) (*citing Dean*, 951 F.2d at 1215); *see also Johnson v. Alabama*, 2009 WL 581492, *2 (M.D. Ala. March 6, 2009). As such, no claims brought in this action pursuant to § 1983 can withstand Defendant's Motion to Dismiss. The Court further takes judicial notice that a courthouse is a building not subject to liability for anything; in any event, the undersigned surmises that the Courthouse is not the real party in interest under Fed.R.Civ.P. 17. Therefore, the undersigned recommends that Defendant's Motion to Dismiss (Docs. 19-20) be granted as to Monroe County Courthouse, that all claims against it be dismissed, and that the Monroe County Courthouse be dismissed as a Defendant.

Defendant County asserts that it cannot be held liable for the acts of Defendants McDonald and the McKinleys (Doc. 20, pp. 6-8). Defendant argues that the individual Defendants were neither agents nor employees of the County, so they cannot be held responsible for their actions, even though the underlying event occurred on county property.

The Court notes that Williams makes no allegations that his three attackers had any relationship, by way of agency or employment, with the Defendant County other than their use of the Courthouse to resolve a legal dispute (*see* Doc. 10). As such, the Court finds that the Individual Defendants acted independently of the County; therefore, the Court finds that the acts of the Individual Defendants cannot be attributed to the County. Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hen establishing the parameters of local government liability for § 1983 violations, Congress declined to impose liability on municipalities for the actions of mobs which the municipalities had no duty under state law to control." *Turquitt v. Jefferson County, Alabama*, 137 F.3d 1285, 1292 (11th Cir. 1998) (*en banc*), *cert. denied*, 525 U.S. 874 (1998), *citing Pembaur v. City of Cincinnati,* 475 U.S. 469, 479, 106 S.Ct. 1292, 1298 (1986) (*citing Monell v. New York City Department of Social Services,* 436 U.S. 658, 665–83, 98 S.Ct. 2018, 2022–32 (1978)).

The Court further notes that the Parties do not agree whether Williams was an invitee or licensee at the Courthouse (*see* Doc. 31, pp. 5-11; *cf.* Doc. 35, pp. 3-6). The Alabama Supreme Court, has held as follows:

> The three classifications of persons coming onto the land are trespasser, licensee, and

10

>    invitee. . . . In order to be considered an
>    invitee, the plaintiff must have been on the
>    premises for some purpose that materially or
>    commercially benefited the owner or occupier
>    of the premises. *Autry v. Roebuck Park
>    Baptist Church,* 285 Ala. [76] at 81, 229
>    So.2d [469 at 473] (1969), citing *McNulty v.
>    Hurley,* 97 So.2d 185 (Fla. 1957). The duty
>    owed to an invitee 'is limited to hidden
>    defects which are not known to the invitee
>    and would not be discovered by him in the
>    exercise of ordinary care.' *Harvell v.
>    Johnson,* 598 So.2d 881 (Ala. 1992)."

*Ex parte Mountain Top Indoor Flea Market, Inc.*, 699 So.2d 158, 161 (Ala. 1997).

"It is the general rule in Alabama that absent special relationships or circumstances, a person has no duty to protect another from criminal acts of a third person." *Moye v. A. G. Gaston Motels, Inc.*, 499 So.2d 1368, 1370 (Ala. 1986) (citations omitted). The *Moye* Court went on to hold that "[a]bsent a duty to protect its invitee/employee from the criminal acts, a premises owner/employer cannot be held liable for injuries and damage resulting from those criminal acts;" the single exception to the rule "arises where the 'particular criminal conduct was foreseeable.'" *Moye*, 499 So.2d at 1370-1371 (*quoting Henley v. Pizitz Realty Co.*, 456 So.2d 272, 276 (Ala. 1984)). That foreseeability is an objective standard, requiring "actual or constructive knowledge that criminal activity which could endanger an invitee was a probability." *Moye*, 499 So.2d at 1371

(*quoting Ortell v. Spencer Companies*, 477 So.2d 299, (Ala. 1985)).

In this action, the Court finds, under *Mountain Top*, that Plaintiff has not shown that the County had any higher duty than informing him of hidden defects that could not be discovered with ordinary care. The Court further finds that Williams has not asserted—much less demonstrated—actual or constructive knowledge that the County knew the Individual Defendants were hiding in a stairwell to do him harm; the Court finds that the objective standard of *Moye* and *Ortell* has not been realized in Plaintiff's complaint. Therefore, the undersigned recommends that the Motion to Dismiss (Docs. 19-20) be granted as to Monroe County for all claims brought against it pursuant to section 1983.[5]

In summary, it is recommended that the Motion to Dismiss (Docs. 19-20) be granted as to the Defendant Monroe County

---

[5] The Court notes Defendant County fails to distinguish among Plaintiff's nineteen claims as to which can—and those which cannot—be brought pursuant to § 1983 (Doc. 20, pp. 6-8). As such, the undersigned recommends that only those claims brought pursuant to section 1983 be dismissed as Defendant has presented no arguments regarding any other claim.

The Court further notes, though, that Plaintiff appears to only bring three claims against the County: claim two for violations of the Fifth Amendment; claim eight for violating a state statute; and claim fifteen, alleging the failure of a general duty of care (*see* Doc. 10). Since the Fifth Amendment claim would apparently be dismissed as being brought under § 1983, only state claims against the County would remain.

Sheriff's Department, that all claims against it be dismissed, and that Defendant be dismissed from this action. It is further recommended that the Motion to Dismiss be granted as to Defendant Monroe County Courthouse, that all claims against it be dismissed, and that Monroe County Courthouse be dismissed as a Defendant. It is further recommended that the Motion to Dismiss be granted as to all claims brought pursuant to 42 U.S.C. § 1983 against Defendant Monroe County but denied as to all other claims.

Defendant District Attorney has also filed a Motion to Dismiss in this action, arguing that it is not an entity subject to suit or liability under section 1983 (Doc. 29).

Before addressing this Motion, however, the Court notes Plaintiff's Amended Complaint (Doc. 10) fails, in bringing this action, to name any individual in the District Attorney's Office. In its Motion to Dismiss, the Defendant District Attorney states that Tommy Chapman was the District Attorney in June 2012, the time of the incident leading to this action, while Steve Wadlington took his place in October 2012 (Doc. 29, pp. 5-6). It was only after the District Attorney filed its Motion to Dismiss that Williams attempted to provide names for the person holding that position (*see* Doc. 31, p. 22; *see also* Doc. 36, pp. 23-24). The Court previously struck Plaintiff's attempt to amend his complaint (*see* note one); therefore, the

13

Court further finds that Wadlington and Chapman are not individually-named Defendants in this action. With this finding, the Court further determines that all claims brought against the District Attorney's Office are brought against the District Attorney in an official—and not in a personal—capacity as Williams has not named the person against whom personal claims are to be brought.

In *Harris v. Elmore County D.A. Office*, 2013 WL 1084294, *1 (M.D. Ala. January 30, 2013), a § 1983 action against the Elmore County District Attorney's Office was dismissed as it was not an entity subject to liability. *Id.* (*citing Dean*, 951 F.2d at 1214. Further support for this holding can be found in *Hagood v. Morgan County, Alabama*, 2014 WL 7337413 (N.D. Ala. December 23, 2014) and *Garrett v. Talladega County Drug and Violent Crime Task Force*, 983 F.Supp.2d 1369, 1378 (N.D. Ala. 2013). As such, all claims brought pursuant to § 1983 cannot stand and should be dismissed.

The District Attorney further argues that it has absolute immunity in its official capacity (Doc. 29, pp. 6-7). The Eleventh Circuit Court of Appeals has held that "[p]rosecutors are absolutely immune from liability for damages for activities that are intimately associated with the judicial phase of the criminal process." *Bias v. Crosby*, 346 Fed.Appx. 455, 457 (11th Cir. 2009) (*citing Imbler v. Pachtman*, 424 U.S. 409, 430-31

14

(1976) (holding that a state prosecuting officer had absolute immunity under § 1983 when initiating a prosecution and when presenting a state's case) and *Rose v. City of Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) (holding that immunity extends to all actions the prosecutor takes while performing his function as an advocate for the government)).

The Court finds that Williams has pointed to nothing indicating that the District Attorney's Office was doing anything other than undertaking the responsibilities of the office. As such, the Court finds that Defendant has absolute immunity from the claims brought against it.

Finally, the District Attorney argues that any action for damages against the District Attorney is barred by Eleventh Amendment immunity (Doc. 29, pp. 7-8). The United States Supreme Court has held that "[i]t is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984) (citations omitted). The Court further notes that "[a]ll District Attorney's offices are deemed to be agencies of the State of Alabama." *Garrett*, 983 F.Supp.2d at 1376 (*citing Hooks v. Hitt*, 539 So.2d 157, 159 (Ala. 1988)). Therefore, Eleventh

15

Amendment immunity applies to the District Attorney's Office, depriving this Court of jurisdiction of the federal and state claims against it.  *See Garrett*, 983 F.Supp.2d at 1376 (*citing Pennhurst*, 465 U.S. at 106).  It appears that the Eleventh Amendment immunity also extends to actions brought under 42 U.S.C. § 1985.  *Fincher v. State of Florida Department of Labor and Employment Security Unemployment Appeals Commission*, 798 F.2d 1371 (11th Cir. 1986), *cert. denied*, 479 U.S. 1072 (1987).  Therefore, the § 1985 claim should be dismissed as to the Monroe County District Attorney.[6]

Defendant Monroe County District Attorney has brought this Motion to Dismiss, showing that it should be dismissed as it was not an entity that could be sued under §§ 1983, 1985, or 1986 and that it enjoyed Eleventh Amendment and absolute immunity (Doc. 29).  Therefore, it is recommended that Defendant Monroe County District Attorney's Motion to Dismiss (Doc. 29) be granted, that Defendant District Attorney be dismissed from this action, and that all claims brought against the District

---

[6]The Court notes that Plaintiff also brought a claim against the District Attorney under 42 U.S.C. § 1986 (Doc. 10, ¶ 23).  However, "no action under the provisions of [that] section shall be sustained which is not commenced within one year after the cause of action has accrued."  Section 1986.  As Williams's complaint was filed nearly two years after the underlying event in this action took place, a claim under § 1986 comes too late.

Attorney be dismissed.

In conclusion, the undersigned recommends the following: that the Motion to Dismiss (Docs. 19-20) be granted as to the Defendant Monroe County Sheriff's Department, that all claims against it be dismissed, and that Mobile County Sheriff's Department be dismissed from this action; that the Motion to Dismiss (Docs. 19-20) be granted as to Defendant Monroe County Courthouse, that all claims against it be dismissed, and that Monroe County Courthouse be dismissed as a Defendant; that the Motion to Dismiss (Docs. 19-20) be granted as to Defendant Monroe County for all claims brought against it pursuant to section 1983 and denied as to all other claims; and that Defendant Monroe County District Attorney's Motion to Dismiss (Doc. 29) be granted, that Monroe County District Attorney be dismissed from this action, and that all claims brought against the District Attorney be dismissed.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. The parties

should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 10th day of September, 2015.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE